**FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,**

v.

**TURABO COMMERCIAL & INDUSTRIAL COMPLEX, INC., Jose Jacinto Lopez Muñoz, David Rodriguez Padilla, Defendants.**

Civ. No. 83–1333 (JAF).

United States District Court, D. Puerto Rico.

Aug. 10, 1987.

Antonio J. Cabrero, Atty., and John David Ferrer, Counsel, San Juan, P.R., for plaintiff.

Arturo González Martín, Otero Suro & Otero Suro, San Juan, P.R., for defendants.

FUSTE, District Judge.

## OPINION AND ORDER

FUSTE, District Judge.

José Jacinto López Muñoz and David Rodriguez Padilla (Defendants) have moved for reconsideration of the opinion and order entered by this court on April 1, 1985 (Gierbolini, J.). The requested reconsideration is hereby **DENIED.**

Defendants allege that the Federal Deposit Insurance Corporation (FDIC) claim is barred by the six years statute of limitations contained in 28 U.S.C. sec. 2415.[1]

The undisputed facts establish that on or about September 12, 1968, the now defunct Banco Crédito y Ahorro Ponceño (Bank) granted to T.A. Development Corp. (T.A.) a line of credit in the amount of $1,056,500. As collateral, T.A. delivered to the Bank a mortgage note subscribed by defendant Turabo Commercial & Industrial Complex (Turabo) in the amount of $1,056,500. On September 27, 1968, defendants subscribed and tendered to the Bank a letter of guaranty accepting joint and several liability with T.A. for such amount. On April 13, 1971, the Bank entered into a loan agreement with Turabo, a Mr. Enrique H.

Gutiérrez, Ariel Gutiérrez, and defendants. Under this contract, an additional loan of $276,607 was granted to the company and the guarantors. On the same date, defendants also executed another letter of guaranty which acknowledged the debt existing up to that point in time between the Bank and Turabo. *See* docket document No. 30, Exh. 13. These notes and guarantees were held by the Bank, and were eventually purchased by the FDIC in its corporate capacity on March 31, 1978. 12 U.S.C. sec. 1823(e). FDIC's acquisition obeyed to the fact that the Secretary of the Treasury of the Commonwealth of Puerto Rico had closed the banking institution and appointed, on March 31, 1978, the FDIC as the receiver-liquidator. 12 U.S.C. sec. 1821(e). The captioned suit was filed to recover the monies owed and evidenced by such notes and collateral.

█ A judgment on default against Turabo was entered on January 17, 1984. Thereafter, FDIC requested and obtained leave to amend the complaint. The amended pleading was filed on October 2, 1984.[2] The same pleaded with particularity against defendants, a request for relief regarding the debt of $1,056,500. Defendants filed their respective answers to the amended complaint, raising as a defense the fact that the action was barred by the Puerto Rico fifteen-year statute of limitations in actions for breach of contracts. 31 L.P.R.A. secs. 5241, 5294. The FDIC moved for summary judgment. Judge Gierbolini granted the request on April 1, 1984. Judgment was not entered and the reconsideration incident followed.

██ The issue before us is whether the $1,056,500 obligation is barred because the action was not filed within six years after the right of action accrued. 28 U.S.C. sec. 2415. Defendants read this time-for-suit provision as running from the date the

---

1. Before the motion for reconsideration was filed, defendants' position was that the fifteen-year Civil Code limitation applied. 31 L.P.R.A. secs. 5241, 5294.

2. This amendment relates back to the date of filing of the original complaint. Fed.R.Civ.P. 15(c); C. Wright & A. Miller, *Federal Practice and Procedure* secs. 1496–1498 at 482–517.

notes were in default, that is, after the last partial payment was made on August 7, 1975. We cannot agree with defendants. First Circuit precedent clearly establishes that when the FDIC purchases the assets of a bank, it should not be barred from bringing an action if a private party acquiring the same assets in the same manner would not be barred. *FDIC v. Cardona,* 723 F.2d 132, 134 (1st Cir.1983). It follows that defendant has improperly invoked the six-year term. Binding precedent has established that the time-for-suit provision starts to run once the FDIC purchases the credits, that is, on March 31, 1978. *See FDIC v. Roldán Fonseca,* 795 F.2d 1102, 1109 (1st Cir.1986).

Accordingly, the claim is not barred either by 28 U.S.C. sec. 2415(a) or by the local term of fifteen years, Puerto Rico Civil Code, art. 1864, 31 L.P.R.A. sec. 5294. The amended complaint included a cause of action which arose out of the "conduct, transaction or occurrence" set forth in the original pleading, i.e., the line of credit in the amount of $1,056,500. The motion for reconsideration is **DENIED.** Judgment against the defendants will be entered finding them jointly and severally liable to the FDIC in the amount of $737,527.98 for principal, plus $728,339.51 for interest through October 30, 1984. Additional interest will accrue until payment at the rate of $163.89 per day. *See* Sworn Statement by Quintin Soto in support of motion for summary judgment, part of docket document No. 24.

**IT IS SO ORDERED.**